IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| EDWARD SMITH, ) | 18-cv-0212 |
| ) | |
| Plaintiff, ) | **ELECTRONICALLY FILED** |
| ) | |
| v. ) | |
| ) | |
| LEO DUNN, Chairman of Pennsylvania ) | |
| Board of Probation and Parole, and JOHN ) | |
| DOE, Records Officer at SCI PGH, April ) | |
| 2001, ) | |
| Defendants. ) | |

### MEMORANDUM OPINION ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION (DOC. 93)

This prisoner civil rights suit was commenced on February 21, 2018, and was referred to United States Magistrate Judge Cynthia Reed Eddy for pretrial proceedings in accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1), and Rules 72.1.3 and 72.1.4 of the Local Rules for Magistrate Judges. Plaintiff filed a Second Amended Complaint on August 26, 2019, which remains his operative pleading. (Doc. 74).

Defendants filed a Motion to Dismiss the Second Amended Complaint (Doc. 85) to which Plaintiff, Edward Smith, responded in opposition. (Doc. 92). The magistrate judge filed a report and recommendation ("R&R") on April 3, 2020, recommending that the motion be granted. (Doc. 93).

Plaintiff filed timely objections to the report and recommendation. (Doc. 99). Where, as here, objections have been filed, the court is required to make a *de novo* determination about those portions of the R&R to which objections were made. *See* 28 U.S.C. § 636(b)(1); Fed.R.Civ.P. 72(b). The district court may accept, reject, or modify the recommended disposition, as well as receive further evidence or return the matter to the magistrate judge with

instructions.

The Court finds that Plaintiff's objections to not undermine the recommendation of the Magistrate Judge.  As the Second Amended Complaint and its attached Exhibits demonstrate, once the Order of October 5, 2016 was received by the Records Officer at SCI-Pittsburgh and the Parole Board, they acted immediately.   The Court recognizes that the Second Amended Complaint raises serious concerns about Plaintiff's alleged prolonged detention.  However, as the R&R points out, Plaintiff is endeavoring to center all blame for any arguable sentence miscalculation with these two Defendants, when the allegations of the Second Amended Complaint make clear that neither Defendant had any responsibility for the failure of officials to communicate critically important information to them.  Unlike the officials in *Moore v. Tartler*, 986 F.2d 682 (1993), where officials incarcerated the plaintiff because of a misinterpretation of a court order, the officials in this case were abiding by the clear mandate of the June 9, 1983 sentencing Order.  As the allegations of the Second Amended Complaint reflect, it was not until the PCRA court issued its Order on October 5, 2016, that the Defendants were informed that the June 9, 1983 sentencing order had been vacated.

To the extent that Plaintiff's claim that he asked the Records Officer to "look into [his] belief that [his] sentence was inaccurately recorded" can be construed as placing an affirmative duty upon this Defendant to investigate Plaintiff's uncorroborated complaint, the Court declines to adopt this approach.  "Allowing an inmate's bare assertion that he believes his sentence is erroneous to provide sufficient notice of a constitutional violation would impose an untenable burden on prison officials." *Chappelle v. Varano*, No. 4:11-cv-00304, 2013 WL 5876173, at *5 (M.D.Pa. Oct. 30, 2013).  As the R&R notes, the Defendants were abiding by the clear mandate

2

of the June 9, 1983 sentencing Order. The Second Amended Complaint fails to plead the personal involvement of either of the Defendants which may have led to Plaintiff's prolonged confinement.

After *de novo* review of the pleadings and documents in this case, together with the Report and Recommendation, and the Objections thereto, the Court finds that the report and recommendation, as supplemented, should be adopted as the opinion the Court.

The Court will decline to exercise supplemental jurisdiction over the state law claims Plaintiff has brought against the Defendants and, as a result, these claims will be dismissed without prejudice for want of jurisdiction. An appropriate Order will be entered.

**SO ORDERED** this 18th day of June, 2020.

s/Arthur J. Schwab
Arthur J. Schwab
United States District Judge

cc: EDWARD SMITH
MX9169
SCI Greene
175 Progress Drive
Waynesburg, PA 15370
(via U.S. First Class Mail)

Yana L. Warshafsky
Office of General Counsel
PA Department of Corrections
(via ECF electronic notification)